DINGWALL, APPELLANT, v. COUNTY COMMISSIONERS
WELD COUNTY, APPELLEE.

1. PUBLIC HIGHWAY—BURDEN OF PROOF.

Where the county authorities claim the right to maintain a road as a
public highway through private lands, and the landowner claims
that the road is not a public highway, or that, if it ever existed as
such, it has been vacated or abandoned, the burden of proof is up-
on the county to show the existence and location of the highway as
claimed ; but the existence and location being established, the bur-
den is upon the landowner to show that the same has been vacated
or abandoned.

2. ORAL TESTIMONY IN OPEN COURT.

When a cause is tried upon oral testimony and the conclusions of fact
by the trial court are fairly sustained by the evidence, the appellate
court will not reverse the judgment upon an assignment of error
which goes merely to the sufficiency of the evidence.

*Appeal from the District Court of Weld County.*

ACTION to restrain the Board of County Commissioners
of Weld County from opening and maintaining a road as a
public highway through the lands of plaintiff. A temporary
injunction was granted. On final hearing upon the plead-
ings and evidence, the finding of the court was in favor of
defendant, and judgment was rendered dissolving the injunc-
tion and dismissing the action. Plaintiff appeals.

Mr. JOSEPH N. BAXTER, for appellant.

Mr. H. N. HAYNES and Mr. J. W. McCREERY, for ap-
pellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The only assignment of error is, to the effect, that the
court erred in giving judgment for the defendant below, in-
stead of the plaintiff.

In behalf of defendant (the Board of Commissioners) it is

claimed that the road sought to be opened and maintained is a public highway, or territorial road, running through plaintiff's land; and that the same is recognized and declared to be such by statute. The following from the Revised Statutes of 1868 is cited:

"Section 1. The most usually traveled roads between the following-named places are hereby declared to be territorial roads, to wit: * * * From Denver City, down the Platte river, by way of St. Vrain's, Julesburg." See chapter on Roads and Highways, p. 563.

That the roads mentioned in said statute thereby became and were public highways is not questioned in this action. But it is contended by plaintiff that if the territorial road from Denver to Julesburg ever ran through his premises, it had been vacated or abandoned before the bringing of this action; and that, in any event, the County Commissioners cannot maintain the road except at the precise place where the same entered and passed through his land.

It is unnecessary to discuss the law applicable to the questions in controversy. There is no dispute except as to the facts. The burden of proof was upon defendant to show the existence and location of the highway as claimed; but the existence and location of the road being established, the burden was upon the plaintiff to show that the same had been vacated or abandoned.

The cause was tried by the court without a jury; and the evidence was given orally in open court. The evidence was sufficient to show that the old Denver-Julesburg road originally passed through plaintiff's land; and there was no evidence that such road had ever been expressly vacated or changed by the county authorities. The evidence was conflicting upon the question of the precise location, and also upon the question of abandonment; but as the conclusions of the trial court upon both these questions seem to be fairly sustained by the evidence, there is not, under the assignment of error, any proper ground for reversal. The judgment of the district court must therefore be affirmed.

*Affirmed.*